UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Desmond Akuoh NTANGKU, Petitioner, v. Christopher LaROSE, et al, Respondents. | Case No.: 26-cv-2257-AGS-VET **ORDER DENYING MOTION TO RECONSIDER (ECF 26)** |

Petitioner[1] moves to reconsider this Court's rejection of his habeas corpus petition seeking release from immigration detention. A motion to reconsider is appropriate only when a court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. IJ v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In his motion, petitioner asserts that the controlling law changed with the Ninth Circuit's recent opinion in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). (*See* ECF 26, at 1.) Specifically, petitioner argues that *Rodriguez Vazquez* "clarified that unadmitted aliens present in the interior of the United States are subject to 8 U.S.C. § 1226 and not subject to 8 U.S.C. § 1225," and thus he was "qualified" "for a bond hearing." (*Id.*)

But petitioner was not an "unadmitted alien[] present in the interior of the United States," so *Rodriguez Vazquez* does not help his cause. According to his amended petition, petitioner was caught by border patrol "immediately after crossing" into the United States while "not at a port of entry." (ECF 13, at 4.) Indeed, *Rodriguez Vazquez* supports his mandatory detention under 8 U.S.C. § 1225. In that case, the Ninth Circuit

[1] This case was originally captioned with petitioner named "Desmond Akuoh Ntangku," but subsequent briefing and hearings has made it clear his name is "Ntangku Desmond Akuoh." (*See, e.g.*, ECF 26.) For clarity and continuity, the Court captioned this order as it is on the docket.

noted that reading 8 U.S.C. § 1225 "as limited to aliens encountered at the border"—like petitioner here—"finds great support in the statutory text of § 1225, considered as a whole." *Rodriguez Vazquez*, 183 F.4th at 1182. So, *Rodriguez Vazquez* does not change this Court's conclusion that petitioner is subject to § 1225 mandatory detention.

When respondents made this very point in their opposition to the reconsideration motion, petitioner "acknowledge[d] the clarification," but pivoted to a new argument—that he was being unconstitutionally held. (*See* ECF 29, at 2.) But petitioner offers no intervening legal development on that issue. (*See generally* ECF 29.) Instead, he seeks to inappropriately rehash the amended petition's unsuccessful claims, which the Court already addressed at length. This will not do. A reconsideration motion is not "a second bite at the apple," in which the "losing party" gets "another opportunity" to "make its strongest case, reassert arguments, or revamp previously unmeritorious arguments." *Liu v. Barrelet as Tr. of Barrelet Fam. Tr.*, No. 3:23-CV-02186-RBM-SBC, 2025 WL 2109003, at *4 (S.D. Cal. July 28, 2025) (cleaned up).

As a result, the motion is **DENIED.**

Dated: September 23, 2026

Hon. Andrew G. Schopler
United States District Judge